UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Donald James Coon,

    Plaintiff,

    v.                                         Civil Action No. 2:14-cv-85

Mark Shea, Shea Family Funeral Homes,
Washington County New York Surrogate's
Clerk's Office, Ted Wilson, Barbara Smith,
Jane Doe, Clerk,

    Defendants.

## ORDER AND
## REPORT AND RECOMMENDATION
(Doc. 1)

Plaintiff Donald James Coon, proceeding *pro se*, seeks to file a diversity action against the Washington County (New York) Surrogate's Court Clerk's Office and various New York Surrogate's Court employees (collectively, the "New York Defendants"), as well as a Vermont funeral home and its employee. Coon has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has submitted an affidavit that makes the showing required by § 1915(a). Accordingly, his request to proceed *in forma pauperis* (Doc. 1) is GRANTED.

However, as discussed below, Coon does not meet the requirements for diversity jurisdiction. I therefore recommend that the Court, on its own motion, DISMISS the

Complaint (Doc. 1-2) without prejudice for lack of subject-matter jurisdiction, and that Coon be granted leave to amend.

## Background

In his Complaint, Coon alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship. (*See* Doc. 1-2 at 2.) However, he also alleges that he is domiciled in Cambridge, New York, and that—except for Vermont Defendants Mark Shea and Shea Family Funeral Homes (collectively, "Shea")—each Defendant is domiciled in Fort Edward, New York. (*Id.* at 1.)[1]

Coon alleges that his mother was murdered and that after the murder, he filed in the Washington County Surrogate's Court to "get her business done." (*Id.* at 3.) According to Coon, the murderer made funeral arrangements with Shea even though the deceased already had her own arrangements with a different funeral home. Coon allegedly told Mark Shea on February 1, 2010 that Shea was not the one who was hired to conduct the funeral, and Shea then "got even" by filing with the Surrogate's Court and by calling the Surrogate's Court clerks and telling them lies. (*Id.*) According to Coon, the Surrogate's Court and that court's clerks violated his rights because they never notified Coon of Shea's statements.

Against Shea, Coon appears to be attempting to assert claims including defamation, obstruction of justice, tortious interference with contract, and fraud. (*See id.* at 3–4.) Although not entirely clear, Coon seems to describe his claims against the

---

[1] The Complaint does not actually use the term "domicile," but instead lists addresses for each party. I presume that the listed addresses are also the parties' alleged domiciles.

2

Washington County Surrogate's Court and its employees as implicating a right to equal access to courts. (*See id.* at 3.) For relief, Coon seeks money damages, including at least $1,300,000 from Shea as well as $1,000,000 from the Washington County Surrogate's Court Clerk's Office. (*See id.* at 4.)

## Analysis

### I. Subject-Matter Jurisdiction

"[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Id.* "If subject matter jurisdiction is lacking, the action must be dismissed." *Id.* at 700–01; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Diversity jurisdiction exists under 28 U.S.C. § 1332 when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "Section 1332 requires complete diversity between opposing parties." *European Cmty. v. RJR Nabisco, Inc.*, No. 11-2475-cv, 2014 WL 1613878, at *10 (2d Cir. Apr. 23, 2014). In other words, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, Coon indicates that he is a New York citizen residing in Cambridge, New York. (*See* Doc. 1-2 at 1.) The New York

3

Defendants are New York citizens.  (*See id.*)  The complete diversity requirement is therefore not satisfied.  Accordingly, the Court lacks subject-matter jurisdiction to adjudicate Coon's claims under § 1332.

## II.     Leave to Amend

The Second Circuit has cautioned that district courts should not dismiss *pro se* complaints with prejudice without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  Nevertheless, leave to amend may be denied in certain circumstances, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).

Here, if Coon were to amend his Complaint to name only diverse defendants, such an amendment might salvage diversity jurisdiction.  Applying Rule 15(a)'s liberal amendment policy, the Second Circuit has "permitted a plaintiff to amend his complaint to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship."  *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).  "Rule 19(b) sets forth four considerations that will ordinarily be among those

relevant to the analysis of whether a party is 'indispensable.'" *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 133 (2d Cir. 2013). Those considerations are:

> (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit.

*Id.* (quoting *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (per curiam)).

Here, the Court does not have the benefit of any briefing from the parties on the question of indispensability. However, at least initially, the New York Defendants do not appear to be indispensable nondiverse parties. A judgment rendered in their absence would be focused on Shea's alleged conduct: contacting the Surrogate's Court clerks and making false statements. Although this case is in the earliest stages, it appears that adjudication of Coon's claims arising out of that alleged conduct could be completed without resolving questions about the propriety of the New York Defendants' response to Shea's alleged conduct. Thus neither Shea nor the New York Defendants would likely be prejudiced by resolution of Coon's claims against Shea alone. Neither would Coon be prejudiced, since he could pursue his claims against the New York Defendants in New York court.

Accordingly, Coon should be granted leave to amend his Complaint to address its jurisdictional deficiencies. Any amended filing should be entitled "Amended Complaint" and should contain all claims against all (diverse) parties as it will supersede the Complaint in all respects. The Court should require that an Amended Complaint, if any,

5

be filed within 30 days of its ruling on this Report and Recommendation. Failure to so amend should result in dismissal of all of Coon's claims in this case without prejudice.

## Conclusion

For the reasons stated above, Coon's Application for Leave to Proceed in Forma Pauperis (Doc. 1) is GRANTED. However, I recommend that the Court on its own motion DISMISS the Complaint (Doc. 1-2) without prejudice for lack of subject-matter jurisdiction, and with leave to amend. Specifically, if the Court adopts this Report and Recommendation, Coon should be allowed 30 days to file an Amended Complaint. Failure to file an Amended Complaint should result in dismissal without prejudice of all of Coon's claims in this case.

Dated at Burlington, in the District of Vermont, this 8th day of May, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).