UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Donald J. Coon,

      Plaintiff,

      v.                                                                                              Civil Action No. 2:14-cv-85

Mark Shea,
Shea Family Funeral Homes,

      Defendants.

## ORDER AND
## REPORT AND RECOMMENDATION
(Docs. 17, 21, 24, 25)

Plaintiff Donald J. Coon, proceeding *pro se*, brings this diversity action against Defendants Shea Family Funeral Homes (Shea) and Mark Shea. Although Mr. Coon's Amended Complaint (Doc. 7) is difficult to parse, the gist of his central claim in this suit is that he was defamed by a letter that Mark Shea wrote to the Washington County, New York Surrogate's Court. This case is presently referred to the undersigned Magistrate Judge pursuant to the Court's Order dated May 7, 2014. (Doc. 6.) The following Motions are currently pending: (1) Mr. Coon's "Motion for Declaration of Shea Liability for Damages as Shea's are in Default" (Doc. 17); (2) Defendants' Motion to Dismiss for Improper Service and as Duplicative (Doc. 21); (3) Defendants' Motion to Enjoin Plaintiff from Filing Further Vexatious Litigation (Doc. 21); (4) Mr. Coon's "Request for Reconsideration of Removal of Default by Judge Sessions" (Doc. 24); and (5) Mr. Coon's Motion for Default (Doc. 25).

For the reasons stated below, I recommend that Mr. Coon's Motions (Docs. 17, 24, 25) be DENIED. I further recommend that Defendants' Motion to Dismiss (Doc. 21) be DENIED, but that this case be consolidated with *Coon v. Southwestern Vermont Medical Center*, No. 2:13-cv-182. Finally, as explained more completely below, Defendants are ORDERED to show good cause, within 14 days, as to why they have not waived service pursuant to Fed. R. Civ. P. 4(d).

## Background

The allegations in the Amended Complaint are not a model of clarity, but can fairly be summarized as follows. Mr. Coon claims that in January 2010, his half-sister Joanne Becker murdered their mother, Joan Marie Hunt, while Ms. Hunt was a patient at the Southwestern Vermont Medical Center ("SVMC"). Mr. Coon also claims that after Ms. Hunt died, Ms. Becker hired Shea to cremate the remains before any autopsy could be performed. In addition, Mr. Coon claims that Shea wrongly concluded that a balance was due for the services it provided (including provision of a grave marker), and that after the balance went unpaid, Shea desecrated Ms. Hunt's grave and removed the grave marker. Mr. Coon sued SVMC, Shea, and Attorney Lon McClintock in a separate suit in this Court: *Coon v. Southwestern Vermont Medical Center*, No. 2:13-cv-182.[1]

On April 5, 2014, in the course of discovery in No. 2:13-cv-182, Shea provided Mr. Coon with a letter from Mark Shea to the Washington County, New York

---

[1] After extensive motion practice, the only remaining claims in No. 2:13-cv-182 are Mr. Coon's claims against Shea for: (1) common-law conversion by repossession of a grave stone installed by Shea; (2) intentional infliction of emotional distress for grave desecration and the removal of the grave stone; and (3) breach of contract for overcharging for professional funeral services.

2

Surrogate's Court (the "Surrogate Letter"). Mr. Coon had not seen the letter before it was produced in discovery. The Surrogate Letter is written on Shea Family Funeral Homes letterhead and reads:

> Surrogate Court
> State of New York
> County of Washington
> 386 Broadway
> Ft. Edward, NY
>
> RE: JOAN MARIE HUNT
>
> Dear Sirs-
>
> I was asked to sign the enclosed by the son of Mrs. Hunt (Donald Coon), at the time he had given us a check for the remaining balance of her account. Since then the check has not cleared and we have incurred charges, therefore the estate of Mrs. Hunt owes our funeral home $192.00.
>
> I feel that he had me sign the document under false pretenses as he knew the check would not clear.
>
> We are submitting this as a claim against the estate of Mrs. Hunt.
>
> Please be in touch with any further instruction or questions.

(Doc. 10-11 at 1.)[2] According to Mr. Coon, the Surrogate Letter defamed him in the eyes of the Surrogate Court clerks, and interfered with his pursuit of justice in that court. (*See* Doc. 7 at 2.)

The Amended Complaint also contains a claim that "Shea's funeral contract is null and void." (*Id.*) Mr. Coon also appears to assert that the allegation in the Surrogate

---

[2] A copy of the Surrogate Letter is not attached to the Amended Complaint. It does appear in other filings in this case, and I conclude that it is proper to refer to it in the present procedural posture. In any case, it would be proper to consider the Surrogate Letter even on a Rule 12(b)(6) motion, since the letter is either incorporated by reference or at least "integral to the complaint." *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

Letter regarding the outstanding $192 was false because Mr. Coon had paid Shea multiple times "all for [the] same deal," and had sent money to Lisa Shea. (*Id.* at 3.) Finally, Mr. Coon alleges that Defendants acted together with Ms. Becker to remove Ms. Hunt's body from Vermont to prevent an autopsy. (*See id.* at 4.) For relief, Mr. Coon seeks: (1) a declaration that the contract between Shea and Ms. Becker is "null and void"; (2) the return of all monies paid to Shea; (3) an order prohibiting Shea from desecrating Ms. Hunt's grave; (4) more than $1 million in damages. (*Id.* at 5–6.)

## Procedural History

Several of the pending Motions in this case relate to service of process and default. Accordingly, I set forth the procedural history relevant to those issues here. I note that, although this case is still in its infancy, the procedural history is already becoming complex due to multiple filings by Mr. Coon and the concomitant oppositions filed by Defendants.

Mr. Coon filed a proposed Complaint and application for leave to proceed *in forma pauperis* on April 28, 2014. (Docs. 1, 1-2.) On May 8, 2014, I issued an Order granting Mr. Coon's motion for leave to proceed *in forma pauperis*, but recommending that, due to lack of complete diversity, the Complaint be dismissed without prejudice with leave to amend. (Doc. 3.) On June 2, 2014, the Court adopted the Report and Recommendation, noting that Mr. Coon had already filed an Amended Complaint (Doc. 7) that dropped the non-diverse Defendants. (*See* Doc. 8 at 1.)

On June 4, 2014, I issued an Order directing that "[s]ervice of process shall be undertaken pursuant to 28 U.S.C. § 1915(d), and if necessary, shall be effected by the

4

U.S. Marshals Service." (Doc. 9 at 1.) The Court issued summonses to the U.S. Marshals Service ("USMS") for service on that same day.

On June 12, 2014, Mr. Coon filed a "Motion for Declaratory Judgment Brand New Suit" asserting that "no one has responded or answered" his Amended Complaint. (Doc. 10.) One of the exhibits attached to that Motion is a form AO 440 ("Summons in a Civil Action") dated June 10, 2014, filled out by Mr. Coon, and directed to Mark Shea, Lisa Shea, and Shea Family Funeral Homes Inc. (Doc. 10-13 at 1.) The signature line for the Clerk of Court contains the handwritten notation: "Filed + Docketed," apparently written by Mr. Coon. The "Proof of Service" page is signed by Mr. Coon and indicates that he mailed the summons to Defendants via first class mail on June 10, 2014. On June 24, 2014, Mr. Coon filed a "Motion for Declaratory Judgment Add New Defts," seeking to add counsel for Shea as Defendants for filing the Surrogate Letter. (Doc. 12 at 1.)

On July 1, 2014, Mr. Coon filed a "Request for Clerks to Enter Shea's in Default for Failure to Answer Complaint." (Doc. 16.) On July 3, 2014, the clerk terminated that Motion indicating that it was "[p]remature at this time as service has not been executed on the summons + complaint."

On July 7, 2014, Mr. Coon filed his "Motion for Declaration of Shea Liability for Damages as Shea's are in Default." (Doc. 17.) On July 9, 2014, the USMS returned executed summonses for Shea Family Funeral Homes and Mark Shea, indicating that the summons and complaint (along with "USM 299 CRR") were sent by certified mail on June 5, 2014, and that "CRR acknowledgement cards" were received on June 11, 2014.

5

(Docs. 18, 19.)  It appears from the returns that the USMS did not attempt personal service, and that the "USM 299" forms were not returned with any signatures.  (*See id.*)

On July 14, 2014, Mr. Coon filed a "Respon[s]e" in support of his July 1, 2014 application for default.  In that filing, Mr. Coon asserted that it was error to terminate his request for default because he had "served mark shea his wife and shea family funeral home inc in bennington vt more than 7 weeks ago" and because he had also served them with his June 12, 2014 Motion for Declaratory Judgment.  (Doc. 20 at 1.)

On July 15, 2014, Defendants filed their Motion to Dismiss for Improper Service.  (Doc. 21.)  Defendants assert that the service attempted by the USMS via certified mail was defective, and that they have not waived service of process, nor is there any evidence of personal service.  (*Id.* at 1.)

On July 16, 2014, Mr. Coon filed his "Request for Reconsideration of Removal of Default by Judge Sessions," asserting that Defendants "were in fact served and served by pltf Coon."  (Doc. 24.)  On July 17, 2014, Mr. Coon filed a Motion for Default, seeking default against counsel for Defendants.  (Doc. 25.)  On July 18, 2014, Defendants filed oppositions to each of Mr. Coon's Motions.  (Docs. 27, 28, 29.)

Also on July 18, 2014, the Court denied Mr. Coon's June 12, 2014 "Motion for Declaratory Judgment Brand New Suit" (Doc. 10) and his June 24, 2014 "Motion for Declaratory Judgment Add New Defts" (Doc. 12).  (*See* Doc. 26.)  The Court construed each of those Motions as motions to file a second amended complaint, and concluded that the Motions should be denied without prejudice because no proposed amended complaint was included.

## Analysis

**I.     Mr. Coon's Motions**

Each of Mr. Coon's pending Motions asserts that Defendants (or their counsel) are in default. (*See* Doc. 17 at 1 (seeking declaration of liability for damages because "Shea's are in default"); Doc. 24 at 3 (asserting that default is proper because "service was done before th[e] us marshals were ever contacted by the clerks"); Doc. 25 at 1 (asserting that counsel are "in default for failure to answer complaint or summons").)  For the reasons discussed below, default is not proper as to any Defendant or their legal counsel.

Rule 55 of the Federal Rules of Civil Procedure governs default and default judgment.  As the Second Circuit has explained:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a).  Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside.  If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk.  Rule 55(b).  Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

*Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (per curiam).

Here, Mr. Coon has not satisfied even the first step of the process for obtaining a default judgment.  The Clerk cannot enter a default because, as described below, Defendants have not been properly served and the Court therefore lacks personal jurisdiction over them at this time.  *See Dorrough v. Harbor Sec., LLC*, No. 99 CV 7589(ILG), 2002 WL 1467745, at *3 (E.D.N.Y. May 10, 2002) ("[W]here service of

process has not been properly effected, the court lacks personal jurisdiction over the defaulting defendant, and a default judgment entered against him is void and must be vacated."); *see also* 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2682 (3d ed. 2014) ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process.") (footnotes omitted). Accordingly, each of Mr. Coon's Motions seeking default (Doc. 17, 24, 25) should be DENIED.

## II.     Defendants' Motion to Dismiss

Defendants' Motion to Dismiss (Doc. 21) seeks dismissal on two different grounds: (1) improper service of process and (2) as duplicative of No. 2:13-cv-182. I begin with the service-of-process issue.

### A.     Service of Process

Defendants' Motion to dismiss for improper service is brought pursuant to Fed. R. Civ. P. 12(b)(4) and (5). Technically a Rule 12(b)(4) motion is a challenge to the "form of the process rather than the manner or method of its service," whereas a Rule 12(b)(5) motion challenges the "mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1353 (3d ed. 2014) (footnote omitted). Defendants' argument appears to be limited to the latter type of challenge, and I therefore construe it as a Rule 12(b)(5) motion. Mr. Coon bears the burden of proving adequate service. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). However, since Mr. Coon represents himself, the Court should

interpret the rules dealing with service of process liberally. *St. John Rennalls v. Cnty. of Westchester*, 159 F.R.D. 418, 520 (S.D.N.Y. 1994).

As described above, service of process has been attempted twice in this case. First, the USMS attempted to serve Mark Shea and Shea Family Funeral Homes by certified mail sent on June 5, 2014. Second, Mr. Coon attempted to serve Mark Shea, Lisa Shea, and Shea Family Funeral Homes by first class mail on June 10, 2014. For the reasons described below, I conclude that each of those attempts was insufficient.

### 1. Attempted Service by the USMS

The USMS did not attempt personal service upon any Defendant. Rather, the USMS sent (by certified mail) the summons and complaint with "USM 299 CRR" to Mark Shea and Shea Family Funeral Homes. It appears that the "USM-299" form is a request for waiver as contemplated by Fed. R. Civ. P. 4(d). *See Armstrong v. Sears*, 33 F.3d 182, 184 (2d Cir. 1994). However, the "remarks" sections of the returns indicate that the USM-299 was never returned with a signature. It appears that the only response received was the "CRR acknowledgement card" on June 11, 2014. I therefore conclude that Defendants have not waived service, nor did the USMS's attempt result in completed service in the manner prescribed by Rule 4. *See Griffith v. Nixon*, 518 F.2d 1195, 1196 (2d Cir. 1975) (per curiam) (U.S. Marshal's attempt to effect service by certified mail was insufficient for the District Court of Vermont to acquire personal jurisdiction).

### 2. Attempted Service by Mr. Coon

Mr. Coon's attempt at service is defective for multiple reasons. First, a summons must be signed by the Clerk before it can be issued. Fed. R. Civ. P. 4(b). Here, the

9

summons that Mr. Coon attempted to serve was not signed by the Clerk or anyone else; only the words "Filed + Docketed" appear on the signature line. (*See* Doc. 10-13 at 1.) In addition, the rules prohibit parties from serving summonses. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint." (emphasis added)). Here, it appears that Mr. Coon attempted to serve the summons himself. Finally, service by mail is insufficient for individuals and corporations under the federal rules as well as under Vermont state law. *See* Fed. R. Civ. P. 4(e), (h); *see also* V.R.C.P. 4(d).[3]

### 3. Consequences of Incomplete Service

For the reasons described above, I conclude that service of process has thus far been insufficient, and that a dismissal without prejudice pursuant to Rule 12(b)(5) could be entered. However, the Court under such circumstances has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (citation and internal quotation marks omitted); *see also Pride v. Summit Apartments*, No. 5:09-CV-861 (GTS/GHL), 2010 WL 2521776, at *2 (N.D.N.Y. June 16, 2010) ("[D]ismissal of Plaintiff's Complaint for want of proper service is not mandated by law. In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), a court has discretion to decline to dismiss a complaint in order to allow an additional attempt at service.").

---

[3] The Vermont Rules of Civil Procedure authorize service by mail in certain limited circumstances not applicable here. *See* V.R.C.P. 4(f).

10

I conclude that under the present circumstances, dismissal is not appropriate. Here, Mr. Coon is a *pro se* litigant; his attempt at service was defective, but only apparently because of his lack of familiarity with the required procedure. The USMS was apparently not successful in obtaining Defendants' waivers of service, but it does appear that Defendants are on notice of Mr. Coon's action.[4] Defendants have not argued—nor does it appear—that Defendants would be prejudiced by additional service.

Accordingly, I recommend that Defendants' Motion to Dismiss be DENIED insofar as it is based on Rule 12(b)(5). I have herein ORDERED Defendants to show good cause, within 14 days, as to why they have not waived service pursuant to Fed. R. Civ. P. 4(d). Should Defendants fail to waive service or show good cause, I recommend that the Court order the U.S. Marshal's Service to effectuate service upon each Defendant personally within 30 days, and that Defendants be charged with the expenses in making such service pursuant to Fed. R. Civ. P. 4(d)(2).

### B.  Motion to Dismiss as Duplicative of No. 2:13-cv-182

The second basis for Defendants' Motion to Dismiss is that the present action is duplicative of No. 2:13-cv-182. Defendants assert that, as best they can tell, "Plaintiff is making nearly identical claims in this action" as he is in No. 2:13-cv-182. (Doc. 21 at 2.) Indeed, many of Mr. Coon's claims in the Amended Complaint overlap with the claims he is asserting in No. 2:13-cv-182.[5]

---

[4] In fact, Defendants have already taken a position on the merits of Mr. Coon's claims in this case. (*See* Doc. 29 at 1–3.)

[5] Defendants have supplied a useful comparison in a table on pages 2–3 of their Motion to Dismiss.

11

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). There is no "rigid test" for such action, but the courts are instead required to "consider the equities of the situation" and exercise discretion. *Id.* "Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Id.* "[S]imple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138–39.

Here, I recommend against simple dismissal because, although some of Mr. Coon's claims in this case do overlap with his claims in No. 2:13-cv-182, the central claim in this new lawsuit appears to be distinct from any claim made in that earlier action. Namely, Mr. Coon is alleging defamation arising out of the Surrogate Letter. Therefore dismissal is not appropriate because the present action is not just a carbon copy of No. 2:13-cv-182.

Instead, I recommend that this case be consolidated with No. 2:13-cv-182. The Court may *sua sponte* consolidate related cases under Fed. R. Civ. P. 42(a). *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Here, both cases are presently on the Court's active calendar, and both cases arise out of Shea's provision of funeral services following Ms. Hunt's death. The Surrogate Letter is directly related to issues concerning payment for the services provided, which form the basis for Mr.

12

Coon's mischarge/overcharge claims in No. 2:13-cv-182. It is therefore sensible to treat any additional claims regarding the Surrogate Letter together with the claims in Mr. Coon's earlier suit.

The parties in No. 2:13-cv-182 have consented to direct assignment to the undersigned Magistrate Judge. If the Court adopts my recommendation that the cases be consolidated, the Clerk will send the parties L.R. 73 Magistrate Judge Assignment forms as to the claims in No. 2:14-cv-85. If all parties do not consent, I recommend that, pursuant to L.R. 42(a)(3), case No. 2:14-cv-85 be designated the lead case.

### III.     Defendants' Vexatious-Litigation Motion

Defendants' Motion to Enjoin Plaintiff from Filing Further Vexatious Litigation (Doc. 21) incorporates the arguments made in an identical motion filed in No. 2:13-cv-182. (*See* Doc. 21 at 4.) The motion in No. 2:13-cv-182 is currently pending, and is set for a hearing before the undersigned on September 25, 2014. The Court should reserve ruling on the Motion in this case and, if the cases are consolidated, leave both Motions for resolution together.

### Conclusion

For the reasons set forth above, I recommend that each of Mr. Coon's Motions seeking default (Doc. 17, 24, 25) be DENIED. I also recommend that Defendants' Motion to Dismiss (Doc. 21) be DENIED. Specifically, I recommend that the Defendants' Motion be DENIED insofar as it is based on Rule 12(b)(5). Regarding the service-of-process issues raised by the Rule 12(b)(5) Motion, Defendants are ORDERED to show good cause, within 14 days, as to why they have not waived service pursuant to

Fed. R. Civ. P. 4(d). Should Defendants fail to waive service or to show good cause, I recommend that the Court ORDER the U.S. Marshal's Service to effectuate service upon each Defendant personally within 30 days, and that Defendants be charged with the expenses in making such service pursuant to Fed. R. Civ. P. 4(d)(2).

Insofar as Defendants' Motion to Dismiss (Doc. 21) seeks dismissal of this action as duplicative with *Coon v. Southwestern Vermont Medical Center*, No. 2:13-cv-182, I recommend that the Motion be DENIED. Instead, I recommend that this case be consolidated with No. 2:13-cv-182. If the Court adopts my recommendation that the cases be consolidated, the Clerk will send the parties L.R. 73 Magistrate Judge Assignment forms as to the claims in No. 2:14-cv-85. If all parties do not consent, I recommend that, pursuant to L.R. 42(a)(3), case No. 2:14-cv-85 be designated the lead case in the order of consolidation.

Dated at Burlington, in the District of Vermont, this 5th day of September, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).